IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
OCT - 7 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

v.          Criminal No. 2:95CR193
            Civil Action No. 3:13CV424
ROBERT LEE WINFIELD, JR.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on March 17, 2000, the Court denied a motion under 28 U.S.C. § 2255 filed by Robert Lee Winfield, Jr. Thereafter, the Court received a series of successive, unauthorized 28 U.S.C. § 2255 motions from Winfield. On June 28, 2013, the Court received another successive, unauthorized § 2255 motion from Winfield ("§ 2255 Motion" (ECF No. 541)). The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Because the United States Court of Appeals for the Fourth Circuit has not authorized this Court to entertain Winfield's successive § 2255 Motion, the § 2255 Motion (ECF No. 541) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Because Winfield fails to satisfy this standard, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Winfield and counsel of record.

Date: October 4, 2019
Norfolk, Virginia

/s/ RSP
Robert E. Payne
Senior United States District Judge

2